**MATTHEW Q. CALLISTER, ESQ.**
Nevada Bar No. 1396
mqc@call-law.com
**MITCHELL S. BISSON, ESQ.**
Nevada Bar No. 011920
mbisson@call-law.com
**CALLISTER & ASSOCIATES**
823 Las Vegas Blvd. South, Suite 330
Las Vegas, NV 89101
Tel. 702.385.3343
Fax. 702.385.2899
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KELLY JACKSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>NYE COUNTY *ex rel.* NYE COUNTY SHERIFF'S OFFICE; ANTONIO M. MEDINA<br><br>Defendant. | Case No:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(DEMAND FOR JURY TRIAL)** |

COMES NOW, Plaintiff, Kelly Jackson, an individual, by and through her attorneys, Matthew Q. Callister, Esq. and Mitchell S. Bisson, Esq., of the law firm CALLISTER & ASSOCIATES, and hereby files the instant Complaint against Defendants Nye County, ex rel. Nye County Sheriff's Office and Antonio M. Medina, as follows:

## I.   JURISDICTION AND VENUE

1.   This action for damages arises under Title VII of the Civil Rights Act of 1964, 42 USC § 2000e, *et seq.*, as a result of sexual discrimination, harassment and retaliation carried on by Defendants against Plaintiff, and which allows, *inter alia*, for legal and equitable relief.

2.   This Court has jurisdiction pursuant to 42 USC § 2000e-5(f) as well as 28 USC § 1331 and 28 USC § 1343(4). Plaintiff requests this honorable Courtexercise supplemental jurisdiction pursuant to 28 USC § 1367 to hear and decide Plaintiff's negligent training, supervision and retention claims against Defendant Nye County, arising under Nevada state law.

CALLISTER & ASSOCIATES
823 Las Vegas Blvd. South, Suite 330
Las Vegas, Nevada 89101
TEL: (702) 385-3343 FAX: (702) 385-2899

3. As all acts alleged occurred within Nye County, Nevada, venue in the United States District Court for the unofficial Southern District of Nevada is proper in this matter.

4. This Court has supplemental jurisdiction to hear and to determine related claims pursuant to State law claims as stated herein.

5. Plaintiff demands a Jury Trial pursuant to Fed. R. Civ. Pro 38 for all triable issues.

## II. PROCEDURAL PREREQUISITES MET

6. On or about 2 July, 2013, Plaintiff Jackson filed charges of employment discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). These charges alleged gender discrimination against Defendant Nye County, and harassment against Defendant Medina.

7. On or about 17 May, 2016, following an investigation by the EEOC, the EEOC issued a Letter of Determination finding reasonable cause to believe that Defendants discriminated against Plaintiffs on the basis of gender and age, in violation of Title VII.

8. On or about 11 August, 2016, Plaintiff, Defendant Nye County, and a representative of the EEOC attended a conciliation conference in Las Vegas, Nevada.

9. On or about 30 September, 2016, Plaintiff was issued a Notice of Suit Rights by the EEOC.

10. Plaintiff has therefore exhausted her administrative remedies, and timely files the instant lawsuit.

## III. PARTIES

11. Kelly Jackson (hereinafter "Plaintiff" and/or "Kelly") is a female citizen of the United States and a resident of Nye County, Nevada; Plaintiff is an employee pursuant to 42 USC § 2000e(f), with the current position of Sergeant for the Nye County Sheriff's Office.

12. Defendant Nye County Sheriff's Office, a political subdivision of Nye County, Nevada, was or is the employer, pursuant to 42 USC § 2000e(b), of all parties to this action; and, as such, is responsible for the policies, practices and customs of the Nye County Sheriff's as well as the hiring, screening, training, supervision, control and discipline of the Nye County Sheriff's administrators and supervisors and the implementation of official and unofficial policies.

CALLISTER & ASSOCIATES
823 Las Vegas Blvd. South, Suite 330
Las Vegas, Nevada 89101
TEL: (702) 385-3343 FAX: (702) 385-2899

13. Defendant Antonio M. Medina, at all times relevant herein was and is a resident of Nye County, Nevada; and at all times relevant to Plaintiff's causes of action was employed as a Sergeant for the Nye County Sheriff's Office.

### IV.    GENERAL ALLEGATIONS

14. Plaintiff Kelly Jackson is a 52-year old woman, residing in Nye County where she is an employee of Nye County by and through the Nye County Sheriff's Office.

15. Kelly began working as a Reserve Deputy Sheriff in 2000, and was promoted to Sergeant in 2004.

16. Kelly is the only female supervising Law Enforcement Officer in the Nye County Sheriff's Office.

17. Since the beginning of her employment with the Nye County Sheriff's Office, Kelly has been subjected to overt and explicit sexual harassment; including, but not limited to obscene verbal abuse and name calling, being shown pornographic photographs on work computers and receiving inappropriate emails at her work email address from co-workers, being propositioned for sex, and actual assaults in the form of physical intimidation and being cornered by male co-workers, as well as groping and fondling of her person.

18. This behavior was so pervasive and so oppressive that Kelly developed stress-induced Lupus in 2005 and stress related Long QT Syndrome[1]; based on that diagnosis, Kelly should have been working restricted hours (night shift only) per her doctor's orders. Kelly was "granted" this accommodation, but it has not been followed with any consistency and Kelly has found herself working hours and times of day against her doctor's medical advice.

19. Kelly made sure to document every occurrence of these indignities with her immediate supervisors, Human Resources and Personnel and even went so far as to inform the Nevada Equal Rights Commission.

---

[1] According to the Merck Manual, Long QT Syndrome is a heart-beat irregularity that may cause palpitations, light-headedness or faintness, possible cardiac arrest and sudden collapse.
*See:* http://www.merckmanuals.com/home/heart-and-blood-vessel-disorders/abnormal-heart-rhythms/long-qt-syndrome-and-torsades-de-pointes-ventricular-tachycardia

20.    As a result of Kelly reporting these incidents, she has been the subject of systemic retaliation: she has been overlooked for promotion in favor of male counterparts; she has been given unfavorable hours and shifts; she has found herself with insufficient staff and logistical support – including one instance when Kelly called for and was *denied* SWAT support to extract a murder suspect who had barricaded himself in a house. Kelly's wages have been stagnant and she has continued to be the subject of vulgar sexual objectification by co-workers and supervisors which has continued unchecked by the Nye County Sheriff's Office and the County.

21.    While there was certainly more than one individual employee of the Nye County Sheriff's Office who harassed Kelly, Defendant Medina was far and away the worst offender, subjecting Kelly to the majority of the abuse and harassment.

22.    After more than a decade, Kelly could no longer take this treatment from her co-workers and supervisors or the lack of corrective action by her employer.

23.    On or about 2 July, 2013, Kelly timely filed a charge of discrimination (Charge No. 487-201300907) with the United States Equal Employment Opportunity Commission ("EEOC") alleging that she had been sexually harassed, discriminated against based on her gender, and retaliated against for engaging in protected activity.

24.    While Kelly has suffered discrimination and harassment throughout her career, it is the following three egregious indices, detailed in Kelly's EEOC complaint, that lie at the heart of the instant litigation.

25.    Kelly's charge specified that on or about 25 September, 2012, Kelly was subject to disciplinary action (colloquially referred to as an "IA") initiated by Defendant Medina; Kelly was disciplined for overdue reports while all other *male* supervisors were also late turning in their copies of those same reports and were not subject to discipline.

26.    Kelly's EEOC complaint further charged that on or about 1 December, 2012, Defendant Medina told Kelly that he would love to take her to Tahoe; that Kelly was gorgeous; and that his (Defendant Medina's) "dream was to fuck [Kelly] and if [Defendant Medina's wife] won't let me, then we will sneak off."

27. Finally, Kelly's EEOC charge included a situation which occurred between summer of 2012 and May of 2013, in which the Defendant Becht assigned Kelly to an untrained K9 officer (Radar), while male officers were given dogs who were properly trained; Kelly was not given the proper tools to train the dog and when Kelly and Radar failed to pass certification and were subsequently demoted and separated, a male officer was given an opportunity by DeMeo to retake the certification on-the-spot and was given hints as to where to direct his K9. That Officer was able to certify and retain his dog.

28. Upon investigation of these charges, the EEOC found reasonable cause to believe a Title VII violation had occurred and unsuccessfully attempted a conciliation with Defendants.

29. On 30 September, 2016, the EEOC issued a Notice of Suit Rights to Kelly.

30. As a result of filing her complaint to the EEOC and prior to the issuance of the right-to-sue, Defendants subjected Kelly to numerous acts of retaliation and harassment, as follows:

31. On or about 6 August, 2013, Officer Medina made additional sexual comments to Kelly while eyeing her body up and down in a salacious manner. He said, "You are the perfect woman. Kelly Jackson, if I could just have one hour with you alone! Just one hour!"

32. On or about 7 August, 2013 Kelly filed a complaint with Human Resources regarding Defendant Medina's comments; however, Defendant Medina was not disciplined for this behavior. Instead, in 2014, Defendant Medina was made Kelly's *direct supervisor.*

33. On or about 29 September, 2014, Kelly was bitten on the hand by Radar, the K9 officer; Kelly filed a workman's compensation claim and was to be placed on restricted duty as she was unable to hold a firearm due to the dog bite.

34. Nevertheless, Defendant Medina ordered Kelly to carry a firearm.

35. Defendant Medina assigned Kelly to a civilian position as a detention tech, Kelly received no training for that position but was ordered by Defendant Medina to "become so qualified in that work station that [Kelly] can be called upon to temporarily work in that position alone"

36. At this time, Defendant Medina ordered Kelly to perform all of her Sergeant duties and all of her detention tech duties.

37. Kelly was also ordered to carry a current and updated schedule with her at all times; no other Sergeants were required to do so.

38. In October of 2014, Defendant Medina began to question Kelly's need for medical accommodations for her Lupus diagnosis, which had been in place since 2005.

39. Defendant Medina ordered Kelly to turn in a new doctor's note within one month, however at that time Kelly was between doctors as her primary care physician had recently relocated out of state. Kelly requested an extension of time to obtain the note but Defendant Medina refused to allow her more time.

40. In January of 2015, Sharon Wehrly was elected and sworn in as Nye County Sheriff.

41. Around this time, and per Nye County Sheriff's Office policy, Kelly timely submitted her leave requests for the calendar year but each of her requests were summarily denied by Defendant Medina. To Kelly's knowledge, everyone else who submitted leave requests at this time had their requests approved.

42. Despite all of Kelly's grievances and complaints to Human Resources, it was not until March of 2015 that Defendant Medina's employment with the Nye County Sheriff's Office was terminated.

43. Until this time, Defendant Medina was allowed to harass, humiliate and disparage Kelly to the point that it made her physically ill.

44. Defendant Nye County, through its political subdivision the Nye County Sheriff's Office, was aware that Defendant Medina was harassing and retaliating against Kelly because Kelly made a point to report this harassment to human resources and to file grievances where appropriate.

45. Nye County, through its political subdivision the Nye County Sheriff's Office, tacitly endorsed Defendant Medina's treatment of Kelly when it allowed him to remain an

employee and even more so when Defendant Medina was imprudently allowed to become Kelly's *direct supervisor* in spite of the serious complaints Kelly had lodged against him.

## V.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
*(Gender Discrimination in Violation of 42 U.S.C. § 2000e-2 & NRS § 613.330)*

46.    Plaintiff realleges and incorporates each and every allegation contained in Paragraphs 1 through 45, inclusive, and incorporates the same herein by reference as though fully set forth herein.

47.    Plaintiff is a female who was discriminated against because of her sex and gender, and belongs to the class of individuals protected by Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*

48.    Plaintiff at all times was qualified to and did perform her job satisfactorily.

49.    Defendant Nye County is and, at all times relevant herein, was an employer within the meaning of Title VII, 42 U.S.C. §2000e(b), and, as such, is barred from discriminating in employment decisions on the basis of gender as set forth in Title VII, 42 U.S.C. §2000e et seq. and NRS 613.330.

50.    When Defendant Nye County allowed Defendant Medina to subject Plaintiff to disciplinary action for late reports, but failed to discipline any male officers for the same infraction, Defendants subjected Plaintiff to discrimination, differential terms and conditions in her employment by reason of her sex and/or gender.

51.    When Defendant Nye County allowed Plaintiff to be demoted and separated her from her K9 Officer, but allowed a male officer to re-test for certification, Defendant subjected Plaintiff to discrimination, differential terms and conditions in her employment by reason of her sex and/or gender.

52.    Plaintiff complained to Defendants about the repeated discrimination, differential treatment because of her sex and/or gender but Defendants ignored, neglected, failed and/or refused to address the same.

CALLISTER & ASSOCIATES
823 Las Vegas Blvd. South, Suite 330
Las Vegas, Nevada 89101
TEL: (702) 385-3343    FAX: (702) 385-2899

53. Upon information and belief, other employees of the Defendants who were not women were not subjected to the same differential treatment and mistreatment as Plaintiff, with Plaintiff being treated less favorable because of her sex and/or gender.

54. Defendants' conduct described in this Complaint constitutes unlawful discrimination in violation of § 703(a) of Title VII; 42 U.S.C. § 2000e, *et seq.*

55. As a direct and proximate cause of Defendants' unlawful action, Plaintiff sustained severe mental and emotional distress and anxiety, manifest physical illness which may be permanent and disabling in nature; and was denied advancement in rank and pay; damaging Plaintiff in an amount in excess of $10,000.00, to be determined at trial.

56. Plaintiff has been required to engage the services of Callister & Associates to prosecute this action and is therefore entitled to reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
*(Sexual Harassment - Hostile Work Environment in Violation of 42 U.S.C. Section 2000e-2 & NRS § 613.330)*

57. Plaintiff realleges and incorporates each and every allegation contained in Paragraphs 1 through 56, inclusive, and incorporates the same herein by reference as though fully set forth herein.

58. Plaintiff is a female who was harassed because of her sex and gender, and belongs to the class of individuals protected by Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*

59. Defendant Nye County is and, at all times relevant herein, was an employer within the meaning of Title VII, 42 U.S.C. §2000e(b), and, as such, is obligated to provide a work place free of sexual harassment and hostility per Title VII, 42 U.S.C. §2000e *et seq.* and NRS 613.330.

60. As detailed above, throughout their professional relationship, Defendant Medina subjected Plaintiff to a constant and humiliating barrage of offensive sexual comments.

61. Plaintiff did not welcome the comments, nor did she encourage them.

62. Defendant Medina's conduct was so severe and pervasive as to alter the conditions of Plaintiff's employment and create a sexually abusive or hostile work environment.

CALLISTER & ASSOCIATES
823 Las Vegas Blvd. South, Suite 330
Las Vegas, Nevada 89101
TEL: (702) 385-3343 FAX: (702) 385-2899

63.    Plaintiff perceived the working environment to be abusive or hostile.

64.    Plaintiff complained to Defendant Nye County about Defendant Medina's repeated sexual harassment but Defendant Nye County ignored, neglected, failed and/or refused to address the same.

65.    Any reasonable person in Plaintiff's circumstances would have considered the working environment to which Plaintiff was subjected to be abusive or hostile.

66.    As a direct and proximate cause of Defendants' unlawful action, Plaintiff sustained severe mental and emotional distress and anxiety, manifest physical illness which may be permanent and disabling in nature; and was denied advancement in rank and pay; damaging Plaintiff in an amount in excess of $10,000.00, to be determined at trial.

67.    Plaintiff has been required to engage the services of Callister & Associates to prosecute this action and is therefore entitled to reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION
*(Retaliation for Protected Action in Violation of 42 U.S.C. Section 2000e-3 & NRS § 613.340)*

68.    Plaintiff realleges and incorporates each and every allegation contained in Paragraphs 1 through 67, inclusive, and incorporates the same herein by reference as though fully set forth herein.

69.    Plaintiff is a female who was harassed because of her sex and gender, and belongs to the class of individuals protected by Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*

70.    Defendant Nye County is and, at all times relevant herein, was an employer within the meaning of Title VII, 42 U.S.C. §2000e(b), and, as such is barred from retaliation agent any employee for taking part in a protected activity per Title VII, 42 U.S.C. §2000e *et seq.* and NRS 613.330.

71.    Plaintiff engaged in a protected activity when she filed her EEOC charges against the Nye County Sheriff's Office in June of 2013.

72.    Since that time, Plaintiff has suffered the adverse employment actions detailed above, including improper work assignments against her (Plaintiff's) doctor's explicit medical

CALLISTER & ASSOCIATES
823 Las Vegas Blvd. South, Suite 330
Las Vegas, Nevada 89101
TEL: (702) 385-3343  FAX: (702) 385-2899

orders, lack of promotion or advancement from her position as sergeant, and inappropriate transfers to the jail without proper training and logistical/staff support.

73.    Defendant initiated these adverse actions against Plaintiff in retaliation for Plaintiffs' protected activity.

74.    As a direct and proximate cause of Defendants' unlawful action, Plaintiff sustained severe mental and emotional distress and anxiety, manifest physical illness which may be permanent and disabling in nature; and was denied advancement in rank and pay; damaging Plaintiff in an amount in excess of $10,000.00, to be determined at trial.

75.    Plaintiff has been obliged to engage the services of Callister & Associates to prosecute this action and is therefore entitled to reasonable attorneys' fees and costs.

### FOURTH CAUSE OF ACTION
*(Negligent Training, Retention, and Supervision)*

76.    Plaintiff realleges and incorporates each and every allegation contained in Paragraphs 1 through 75, inclusive, and incorporates the same herein by reference as though fully set forth herein.

77.    At all times relevant herein, Defendant Medina was an employee of the Nye County Sheriff's Office and any and all acts and omissions described above occurred while he was on duty and functioning in his capacity as a county employee.

78.    Defendant Nye County, and its agents, servants, representatives, officers, members, and/or employees, owe a duty of care to Plaintiff, as an employee, to train and supervise any and all agents, servants, representatives, officers, members, and/or employees in such a manner as to prevent risk of harm to all employees, including Plaintiff.

79.    In the negligent training, retention, and supervision of Defendant Medina, Defendant Nye County breached its duty or duties to Plaintiff by allowing and tacitly endorsing Defendant Medina continued violative misconduct toward and harassment of Plaintiff.

80.    Defendant Nye County, and/or its agents, servants, representatives, officers, members, and/or employees, was aware, or through reasonable supervisory discretion, should have been aware, of Defendant Medina's harassment of Plaintiff, and had a duty to Plaintiff to

take action to ensure that its agents, servants, representatives, officers, members, and/or employees, had been property trained and supervised. Defendants' negligent, careless and reckless training, retention, and supervision of its agents, servants, representative, officers, members, and/or employees, was the actual and proximate cause of Defendant Medina's continued employment at the Nye County Sheriff's Office through which he was able to continuously sexually harass and retaliate against Plaintiff.

81.     As a direct and proximate result of Defendant Nye County's Negligence, Plaintiff sustained severe mental and emotional distress and anxiety, manifest physical illness which may be permanent and disabling in nature; and Plaintiff was denied advancement in rank and pay; damaging Plaintiff in an amount in excess of $10,000.00, to be determined at trial.

82.     Plaintiff has been obliged to engage the services of Callister & Associates to prosecute this action and is therefore entitled to reasonable attorneys' fees and costs.

## VI.     PRAYER FOR RELIEF

WHEREFORE, the Plaintiff Kelly Jackson respectfully requests that this Court:

I.       Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in sexual harassment, and any other employment practice which discriminate on the basis of sex.

II.      Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past unlawful employment practices.

III.     Order Defendants to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in above, in amounts to be determined at trial.

IV.      Order Defendants to make Plaintiff whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, in amounts to be determined at trial.

V.       Grant such further relief as the Court deems just and equitable.

VI.      Award Plaintiff reasonable attorney's fees and costs of this action.

## VII.    JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by its Complaint.

DATED this 29th day of December, 2016.

**CALLISTER & ASSOCIATES**

**MATTHEW Q. CALLISTER, ESQ.**
Nevada Bar No. 001396
**MITCHELL S. BISSON, ESQ.**
Nevada Bar No. 011920
823 Las Vegas Blvd. South, Ste 330
Las Vegas, Nevada 89101*Attorneys for Plaintiff*

CALLISTER & ASSOCIATES
823 Las Vegas Blvd. South, Suite 330
Las Vegas, Nevada 89101
TEL: (702) 385-3343  FAX: (702) 385-2899